UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ | ) | |
| Secretary of Labor, | ) | |
| United States Department of Labor, | ) | FILE NO. |
| | ) | _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| THE CHILDREN'S PLACE, INC., | ) | |
| THE CHILDREN'S PLACE, INC. WELFARE | ) | |
| BENEFIT PLAN, HENDRIK JOHANNES | ) | |
| LAMPRECHT, | ) | |
| | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | **(Injunctive Relief Sought)** |

This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under §§ 502(a)(2) and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under ERISA § 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to redress violations and enforce the provisions of that Title.

## BACKGROUND, PARTIES AND JURISDICTION

1.      Jurisdiction hereof is conferred upon the Court by Section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

2.      Venue of this action lies in the Middle District of Florida, pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

3.      The Children's Place, Inc. Welfare Benefit Plan ("the Plan"), is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

4.      Henrik Johannes Lamprecht ("Lamprecht"), is currently acting, or at relevant times has acted, as an administrator and fiduciary of the Plan, and as such is, or at relevant times has been, a fiduciary with respect to the Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A).  Further, Defendant Lamprecht is a party in interest with respect to the Plan within the meaning of Section 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E), and (H) of ERISA.

5.   The Children's Place, Inc. ( "TCP" or the "Company"), is a Florida business entity and Plan Sponsor to  the Plan, and was at all relevant times a "fiduciary" to the Plan within the meaning of Section 3(21)(A) of ERISA, 29

U.S.C. § 1002(21)(A), and a "party in interest" to the Plan within the meaning of Section 3(14)(A) and (C) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

6. TCP was a Florida corporation established in 1975 in Bradenton, Florida. The Company was an independent, for-profit college preparatory school for grades Pre-K through 12th grade.

7. In October of 2009, Lamprecht became of majority shareholder of TCP. Lamprecht acquired 73% of the common stock of TCP on October 13, 2009, at which time he became the majority shareholder and President of the Company. Lamprecht maintained sole control over the management and operation of the TCP, and over the bank accounts that held Plan assets. Lamprecht was also responsible for the Plan's administration and operation.

8. Company acquisition documents signed by Lamprecht show that he acquired all assets and assumed all liabilities of TCP when he became the majority shareholder in October of 2009. Additionally, Lamprecht directed all financial matters for TCP after October of 2009. Further, Lamprecht diverted a majority of the school's operating funds to outside accounts that were under his control.

9. TCP sponsored a single-employer high deductible health plan for its workforce of less than fifty employees.

10. The Plan offered fully-insured medical, surgical, hospital care, and prescription drug benefits to employees working 25 hours or more per week, and offered the benefits to dependents of the employees also.

## PLAN BENEFITS AND SERVICE PROVIDERS

11. For the 2008-2009 school years, the Plan had a policy with Blue Cross Blue Shield of Florida ("BCBS") for fully-insured coverage for medical and prescription drug benefits. Coverage beginning on September 1, 2008, was cancelled one month early on August 1, 2009, due to nonpayment of premiums. Twenty-two individuals were enrolled in the Plan when coverage terminated.

12. For the 2009-2010 school years, the Plan had a policy with Aetna Health, Inc. ("Aetna") for fully-insured coverage for medical and prescription drug benefits, effective September 1, 2009. Coverage was terminated, effective November 1, 2009, due to nonpayment of premiums, after only two months of coverage. Thirty-one individuals were enrolled in the Plan when coverage terminated.

13. Coverage was established with United Healthcare Insurance Company ("UHC") for fully-insured medical and prescription drug benefits effective January 1, 2010. The policy with UHC was terminated effective April 1, 2010 due to nonpayment of premiums. Thirty-four individuals were enrolled under the policy when coverage terminated.

14. Dental benefits were offered under an insurance policy issued by Guardian Life Insurance Company ("Guardian"). The contract was cancelled effective May 1, 2010 for nonpayment of premiums.

15. Participants paid 50% of the premium for employee coverage and 100% of the premium for dependent coverage.

**ALLEGATIONS CONCERNING FAILURE TO TIMELY REMIT EMPLOYEE CONTRIBUTIONS TO INSURANCE CARRIERS OR TO THE PLAN**

16. During the month of August 2009, the Company collected approximately $3,491.48 for employee contributions that were not remitted to BCBS or to the Plan.

17. During the months of November and December of 2009, the Company collected approximately $6,269.89 for employee contributions in November 2009 that were not remitted to Aetna or the Plan and the Company collected approximately $804.67 for employee contributions that were not remitted.

18. During the months of coverage with UHC in 2010, the Company collected approximately $3,626.32 for employee contributions that were not remitted to UHC or to the Plan.

19. Employee contributions of at least $132.18 were collected and not remitted to Guardian for the month of May 2010 for five employees.

20. The monetary losses of the unremitted employee contributions resulted in lost opportunity costs of approximately $2,160.82, through March 4, 2014.

21. Further, the Company commingled Plan assets, in the form of employee contributions, with the general assets of the Company.

22. Lamprecht and TCP failed to ensure that the Plan assets were collected and submitted to the insurance service providers.

23. Unremitted employee insurance premiums deducted from participants' paychecks are assets of the Plan within the meaning of ERISA.

24. Lamprecht and TCP participated knowingly in or knowingly undertook to conceal acts or omissions by each other that they knew to be violations of ERISA.

25. As a result of the fiduciary breaches, insurance coverage for Plan participants was denied, resulting in unpaid medical bills and unpaid prescription drug costs of approximately $13,979.13.

## **CLAIMS**

26. By the actions described in the paragraphs above, Defendants, as fiduciaries of the Plan,

(a) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administering the Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A) and ;

(b) failed to discharge their duties with respect to the Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c) failed to discharge their duties in accordance with the documents and instruments governing the plans, in violation of § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

(d) dealt with assets of the Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1); and

(e) acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2).

27.     Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A.     Order Defendants to restore to the Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations;

B.     Order that the Plan set off the individual accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the Plan by the Defendants and reallocated to the non-breaching participants;

  C. Appoint a successor fiduciary or administrator, at Defendants' expense;

  D. Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

  E. Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

  F. Award Plaintiff the costs of this action; and

  G. Provide such other relief as may be just and equitable.

         Respectfully submitted,

| | |
|---|---|
| ADDRESS: | M. PATRICIA SMITH<br>Solicitor of Labor |
| Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA  30303 | STANLEY E. KEEN<br>Regional Solicitor<br><br>ROBERT M. LEWIS, JR.<br>Counsel |
| Telephone:<br>(404) 302-5449<br>(404) 302-5438 (FAX)<br>E-mail:<br>yanthis-bailey.yasmin@dol.gov<br>ATL.FEDCOURT@dol.gov (Primary) | By: */s/ Yasmin K. Yanthis-Bailey*<br>    YASMIN K. YANTHIS-BAILEY<br>    Attorney<br>    Georgia Bar No. 780202 |
| | Office of the Solicitor<br>U. S. Department of Labor<br>Attorneys for Plaintiff |

SOL Case No. 14-00475