UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| THOMAS E. PEREZ<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S PLACE, INC.,<br>THE CHILDREN'S PLACE, INC. WELFARE<br>BENEFIT PLAN, HENDRIK JOHANNES<br>LAMPRECHT,<br><br>Defendants. | CASE NO.<br>8:14-cv-3236-T-27TGW |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Secretary of Labor, United States Department of Labor, pursuant to his authority under Sections 502(a)(2) and 502(a)(5), 29 U.S.C. §§ 1132(a)(2) and 1132(a)(5), of the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 et seq., ("ERISA") has filed a Complaint against Defendants The Children's Place, Inc., The Children's Place Inc. Welfare Benefit Plan, and Hendrik Johannes Lamprecht. Defendant Lamprecht and the Secretary have agreed to resolve all matters in controversy in this action, and said parties do now consent to entry of a Judgment and Order by this Court in accordance herewith.

A. The Secretary's Complaint alleges that Defendant Lamprecht breached his fiduciary duty with respect to The Children's Place, Inc. Welfare Benefit Plan ( the "Plan") by violating provisions of sections 404, 405 and 406 of ERISA, 29 U.S.C. § 1104, 1105 and 1106, as set forth in the Complaint.

B. Defendant Lamprecht admits to the jurisdiction of the Court over him and over the subject matter of this action. Defendant Lamprecht admits that this Court has the authority to enforce this Order and that this Court is the most appropriate venue for any enforcement action which may be required as a result of this Order.

C. Defendant Lamprecht waives any and all claims of whatsoever nature that he has or may have against the Secretary, or any of his officers, agents, employees, or representatives, arising out of or in connection with the filing, prosecution, and maintenance of this civil action or any other proceeding and investigation incident thereto.

D. This Order represents a complete settlement of all the Secretary's claims asserted in this action against Defendant Lamprecht. This Order is not binding upon any government agency other than the U.S. Department of Labor and only resolves claims arising out of this action as between the Secretary and Defendant Lamprecht.

E. Defendant Lamprecht admits that the amount he owes to the Plan is not dischargeable pursuant to 11 U.S.C. § 523(a)(4) of the Bankruptcy Code.

F. The Secretary and Defendant Lamprecht expressly waive Findings of Fact and Conclusions of Law, except as otherwise set forth and addressed herein, and consent to the entry of this Order as a full and complete resolution of all claims and issues which were alleged in this action without trial or adjudication of any issue of fact or law

raised in the Complaint.

Accordingly, it is ORDERED ADJUDGED AND DECREED that:

1. The Court has jurisdiction over the parties to this Consent Judgment and Order and the subject matter of this action and is empowered to provide the relief herein.

2. Defendant Lamprecht is permanently enjoined and restrained from violating the provisions of Title I of ERISA.

3. Defendant Lamprecht is permanently enjoined from acting as a fiduciary, trustee, agent, or representative in any capacity to any employee benefit plan, as defined by ERISA.

4. On or before October 31, 2016, Defendant Lamprecht shall pay The Children's Place, Inc. Welfare Benefit Plan the amount of Twenty Thousand Dollars ($20,000.00)("Settlement Proceeds"). Defendant Lamprecht shall make the first payment of at least $2,500.00 on or before May 31, 2016. If the total balance has not yet been paid, then Defendant Lamprecht shall make a payment of at least $2,200.00 on or before July 31, 2016. If the total balance has not yet been paid, then Defendant Lamprecht will make a payment of at least $2,200.00 on or before August 31, 2016. If the total balance has not yet been paid, then Defendant Lamprecht will make a payment of at least $2,200.00 on or before September 30, 2016. The total remaining balance of the Twenty Thousand Dollars entire payment will be made by Defendant Lamprecht on or before October 31, 2016.

5.   All payments shall be made or caused to be made by Defendant Lamprecht and sent to the following appointed independent fiduciary and addressed to: Plan Administration Team, AMI Benefit Plan Administrators, Inc., 100 Terra Bella Drive, Youngstown, Ohio 44505 ("the fiduciary"). The payments will be considered timely-made within the meaning of paragraphs 4 and 6 if the funds are transmitted (i.e. placed in the mail) on or before the required date and such funds must also be cleared for payment.

6.   In the event that Defendant Lamprecht fails to make the payment set forth herein, then and in that event, interest shall be assessed against said sum, in accordance with 28 U.S.C. § 1961, from the date of the default until paid in full.

7.   The fiduciary will be paid out of the Settlement Proceeds and will not be entitled to any additional funds from Defendant Lamprecht, irrespective of whether the fiduciary incurs such costs.

(a)   The independent fiduciary shall collect, marshal, and administer all of the Plan's assets and take such further actions with respect to the Plan as may be appropriate.

(b)   The independent fiduciary shall have all the rights, duties, and responsibilities of any fiduciary or trustee described under the Plan documents or the applicable law, with respect to the independent fiduciary's duties.

(c)   The independent fiduciary is authorized to delegate or assign fiduciary duties as appropriate and allowed under the law.

(d)   The Plan document is hereby deemed amended to permit the payment of the independent fiduciary's fees from the restitution made to the Plan by Defendant

Lamprecht, up to a maximum amount of the whole of the Settlement Proceeds. A full executed copy of this Consent Judgment and Order shall be maintained by the independent fiduciary with all other documents and instruments governing the Plan.

(e) The independent fiduciary shall be entitled to receive reasonable fees and expenses for its services, payable from the assets of the Plan. Prior to obtaining payment for services and expenses authorized pursuant to this consent judgment, the fiduciary shall file with the Court, with copies to all parties, invoices for such fees and expenses at such time and on such a schedule as the independent fiduciary, in its sole discretion, deems appropriate. Defendant Lamprecht acknowledges and agrees that the invoice will be considered properly delivered if it is deposited in the United States mail, addressed to:

> Shaina Thorpe, Esq.
> Thorpe & Thorpe, P.A.
> 310 S. Brevard Avenue Ste. A
> Tampa, FL 33606

(f) If no party or the Court objects within fifteen (15) days of service of any invoice, the independent fiduciary is authorized to receive payment. If any party or the Court objects to any payment, the matter should be resolved by the Court prior to payment.

(g) The independent fiduciary is authorized to give instructions respecting the disposition of assets of the Plan.

(h) The independent fiduciary in the performance of its duties may retain such assistance as it may require, including attorneys, accountants, actuaries and other service providers.

(i) The payment of administrative expenses and all fees to the independent fiduciary, its assistants, attorneys, accountants, actuaries and other necessary service providers are to be considered priority administrative expenses of the Plan.

(j) The independent fiduciary or its agents, employees or representatives may not be held personally responsible for any claims against the Plan which existed, arose, matured, or vested prior to the appointment of the independent fiduciary.

(k) The independent fiduciary is to comply with all applicable rules and laws.

8. This Consent Judgment and Order resolves all claims set forth in the Plaintiff's Complaint with the following exceptions:

(a) This Judgment does not affect or bind any governmental agency other than the United States Department of Labor.

(b) This Court retains jurisdiction for purposes of enforcing compliance with the terms of this Consent Judgment and Order.

9. Each party shall bear its own costs and expenses, including attorneys' fees, arising in connection with any stage of the above-referenced proceeding including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

This 31st day of May, 2016.

_____
UNITED STATES DISTRICT JUDGE

WE SO MOVE AND CONSENT:

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
(404) 302-5435
(404) 302-5438 (FAX)
E-mail:
yanthis-bailey.yasmin@dol.gov

ATL.FEDCOURT@dol.gov

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: /s/ Yasmin Yanthis-Bailey
    YASMIN YANTHIS-BAILEY
    Trial Attorney
    Georgia Bar No. 780202

Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.

WE SO MOVE AND CONSENT:

By: /s/ Shaina Thorpe
Florida Bar No. 0055464
THORPE & THORPE, P.A.
310 S. Brevard Avenue Ste. A
Tampa, Florida 33606
(813) 400-0229

Attorney for Defendant Lamprecht

7